UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY S. STEVENS,<br><br>Petitioner,<br><br>v.<br><br>JERRY HOWELL, *et al.*,<br><br>Respondents. | Case No. 2:19-cv-00949-KJD-VCF<br><br>**ORDER DENYING<br>MOTION TO DISMISS (ECF NO. 11)** |

This habeas corpus action was initiated *pro se* on June 3, 2019, under 28 U.S.C. § 2254, by Jeffrey S. Stevens, a Nevada prisoner. The Respondents have filed a motion to dismiss, arguing that Stevens' claims for habeas corpus relief are wholly or partly unexhausted in state court. The Court will deny the motion to dismiss and will set a schedule for Respondents to file an answer.

Background

On December 23, 2015, Stevens was charged in Justice Court in Pahrump, Nevada, with aggravated stalking, battery upon a peace officer, battery with intent to commit robbery in violation of protection order, attempted robbery in violation of protection order, resisting public officer with use of a firearm in violation of protection order, battery upon a peace officer, battery with intent to commit robbery, attempted robbery, resisting public officer with use of a firearm, and prohibited person in possession of firearm. *See* Criminal Complaint, Exh. 7 (ECF No. 12-7); *see also* Amended Criminal Complaint, Exh. 10 (ECF No. 12-10); Second Amended Criminal Complaint, Exh. 11 (ECF No. 12-11). Stevens waived his preliminary hearing and was bound over to Nevada's Fifth Judicial District Court. *See* Waiver of Preliminary Hearing, Exh. 12 (ECF No. 12-12); Bindover Order, Exh. 13 (ECF No. 12-13). The State filed an

information charging Stevens with aggravated stalking and resisting public officer with use of a firearm in violation of protection order. *See* Information, Exh. 15 (ECF No. 12-15).

On February 8, 2016, Stevens pled guilty to both charges. *See* Transcript of Proceedings, February 8, 2016, Exh. 16 (ECF No. 12-16); Guilty Plea Agreement, Exh. 17 (ECF No. 12-17). Under the same plea agreement, Stevens also pled guilty to unlawful use of a controlled substance, a charge in a separate case. *See* Guilty Plea Agreement, Exh. 17 (ECF No. 12-17). Stevens was sentenced for the aggravated stalking to a maximum prison term of fifteen years with parole eligibility after six years, and for resisting public officer with use of a firearm in violation of protection order to two prison terms of five years with parole eligibility on each after two years, all three prison terms to run consecutively. *See* Transcript of Sentencing, Exh. 18 (ECF No. 12-18). The judgment of conviction was entered on April 12, 2016. *See* Judgment of Conviction, Exh. 19 (ECF No. 12-19); *see also* Amended Judgment of Conviction, Exh. 38 (ECF No. 12-38).

Stevens appealed. *See* Notice of Appeal, Exh. 21 (ECF No. 12-21); Fast Track Statement, Exh. 33. The Nevada Court of Appeals affirmed the judgment of conviction on November 18, 2016. *See* Order of Affirmance, Exh. 44 (ECF No. 13-4).

Stevens filed a petition for writ of habeas corpus in the state district court on March 28, 2017. *See* Petition for Writ of Habeas Corpus, Exh. 48 (ECF No. 13-8). The court held an evidentiary hearing on October 2, 2017. *See* Transcript of Proceedings, October 2, 2017, Exh. 58 (ECF No. 13-18). The court dismissed Stevens' petition in a written order filed on October 24, 2017. *See* Order Dismissing Post-Conviction Writ after Evidentiary Hearing, Exh. 64 (ECF No. 13-24). Stevens appealed. *See* Notice of Appeal, Exh. 59 (ECF No. 13-19); Notice of Appeal, Exh. 61 (ECF No. 13-21); Appellant's Opening Brief, Exh. 73, pp. 12–14 (ECF No. 13-33, pp. 13–15). The Nevada Court of Appeals affirmed the judgment of the state district court on December 6, 2018. *See* Order of Affirmance, Exh. 81 (ECF No. 14-1).

Stevens initiated a second state habeas action on July 23, 2019. *See* Petition for Writ of Habeas Corpus, Exh. 85 (ECR No. 14-5). The state district court ruled that petition procedurally barred and dismissed it on July 26, 2019. *See* Court Order, Exh. 86 (ECF No. 14-6). Stevens appealed. *See* Notice of Appeal, Exh. 87 (ECF No. 14-7). It appears that appeal remains pending.

This Court received Stevens' *pro se* habeas petition, initiating this action, on June 3, 2019. *See* Petition for Writ of Habeas Corpus (ECF No. 7). Stevens' petition sets forth two grounds for relief, which the Court reads to assert the following claims:

> Ground 1A: Stevens' federal constitutional rights were violated because his plea of guilty to the crime of aggravated stalking was involuntary and unknowing, as a result of an inadequate canvass by the court, wherein Stevens did not admit to committing the crime.
>
> Ground 1B: Stevens' federal constitutional rights were violated as a result of ineffective assistance of counsel, because of his trial and appellate counsel's failures with respect to the claim in Ground 1A.
>
> Ground 2: Stevens' federal constitutional rights were violated because there were inaccuracies in the presentence investigation report, because his trial counsel was ineffective for not doing sufficient investigation and raising this issue in the trial court, and because his appellate counsel was ineffective for not raising this issue on his direct appeal.

*See id.*

On October 30, 2019, Respondents filed a motion to dismiss (ECF No. 11) and supporting exhibits (ECF Nos. 12, 13, 14 and 16). Respondents contend that Stevens' claims are, in whole or in part, unexhausted in state court. Stevens filed an opposition to the motion to dismiss on December 30, 2019 (ECF No. 18). Respondents replied on January 3, 2020 (ECF No. 20).

Discussion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional violations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state

court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

As the Court reads Ground 1, it alleges that Stevens' federal constitutional rights were violated because his plea of guilty to the crime of aggravated stalking was involuntary and unknowing, as a result of an inadequate canvass by the court, wherein Stevens did not admit to committing the crime. *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 3–3B. The Court designates this as Ground 1A for purposes of analysis. The Court determines that Stevens fairly presented this claim on the appeal in his first state habeas action, and it has been exhausted in state court. *See* Appellant's Opening Brief, Exh. 73, pp. 12–14 (ECF No. 13-33, pp. 13–15).

Construing Stevens' *pro se* petition liberally, the Court reads Ground 1 to also assert that Stevens' federal constitutional rights were violated as a result of ineffective assistance of counsel, because of his trial and appellate counsel's failures with respect to the claim in Ground 1A. *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 3–3B. The Court designates this as Ground 1B for purposes of analysis. This claim was not presented on Stevens' direct appeal, on his appeal in his first state habeas action, or in his petition in his second state habeas action. *See* Fast Track Statement, Exh. 33; Appellant's Opening Brief, Exh. 73 (ECF No. 13-33); Petition for Writ of Habeas Corpus, Exh. 85 (ECR No. 14-5). As it is clear to the Court that this claim would be procedurally barred if presented now in state court, the Court determines it is subject to application of the procedural default doctrine.

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting claims is barred by the adequate and independent state ground doctrine from obtaining

4

a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause to overcome the procedural default of a claim of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman*, 501 U.S. at 731)).

    Because it is possible that Stevens may be able to overcome the procedural default of all or part of Ground 1B, perhaps by a showing of ineffective assistance of

counsel in his first state habeas action, under *Martinez*, and because this issue is intertwined with the merits of Grounds 1A and 1B, the Court determines that it will be best addressed after Respondents file an answer, and Stevens files a reply. The Court will, therefore, deny the motion to dismiss with respect to Ground 1B, without prejudice to Respondents asserting a procedural default defense to the claim in their answer, along with their briefing of the merits of the claim.

In Ground 2—again, construing Stevens' *pro se* petition liberally—Stevens claims that his federal constitutional rights were violated because there were inaccuracies in the presentence investigation report, because his trial counsel was ineffective for not doing sufficient investigation and raising this issue in the trial court, and because his appellate counsel was ineffective for not raising this issue on his direct appeal. *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 5–5B. These claims were not presented on Stevens' direct appeal, on his appeal in his first state habeas action, or in his petition in his second state habeas action. *See* Fast Track Statement, Exh. 33; Appellant's Opening Brief, Exh. 73 (ECF No. 13-33); Petition for Writ of Habeas Corpus, Exh. 85 (ECR No. 14-5). As it is clear to the Court that these claims would be procedurally barred if presented now in state court, the Court determines they are subject to application of the procedural default doctrine. As with Ground 1B, the Court will deny Respondents' motion to dismiss with respect to Ground 2, without prejudice to Respondents asserting a procedural default defense in their answer, along with their briefing of the merits of the claims.

///
///
///
///
///
///
///

6

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to file an answer.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered on June 21, 2019 (ECF No. 6) will remain in effect (Petitioner will have 60 days to reply to Respondents' answer).

Dated this 22 day of April, 2020.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE