# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEFFREY S. STEVENS,

    Petitioner,

v.

JERRY HOWELL, *et al.*,

    Respondents.

Case No. 2:19-cv-00949-KJD-VCF

**ORDER**

    This action is a pro se petition for writ of habeas corpus, under 28 U.S.C. § 2254, by Jeffrey S. Stevens, an individual incarcerated at Nevada's Southern Desert Correctional Center. Stevens challenges convictions, upon guilty pleas, of aggravated stalking, resisting a public officer with use of a firearm in violation of protection order, and unlawful use of a controlled substance. Following the Court's denial of Respondents' motion to dismiss, Respondents filed an answer, and Stevens filed a reply. The case is now before the Court for adjudication of Stevens' petition. The Court will deny the petition, deny Stevens a certificate of appealability, and direct the Clerk of the Court to enter judgment accordingly.

Background

    On December 23, 2015, Stevens was charged in Justice Court in Pahrump, Nevada, with aggravated stalking, battery upon a peace officer, battery with intent to commit robbery in violation of protection order, attempted robbery in violation of protection order, resisting public officer with use of a firearm in violation of protection order, battery upon a peace officer, battery with intent to commit robbery, attempted robbery, resisting public officer with use of a firearm, and prohibited person in possession of firearm. *See* Criminal Complaint, Exh. 7 (ECF No. 12-7); *see also*

Amended Criminal Complaint, Exh. 10 (ECF No. 12-10); Second Amended Criminal Complaint, Exh. 11 (ECF No. 12-11). Stevens waived his preliminary hearing and was bound over to Nevada's Fifth Judicial District Court. *See* Waiver of Preliminary Hearing, Exh. 12 (ECF No. 12-12); Bindover Order, Exh. 13 (ECF No. 12-13). The State then filed an information charging Stevens with aggravated stalking and resisting public officer with use of a firearm in violation of protection order. *See* Information, Exh. 15 (ECF No. 12-15).

On February 8, 2016, Stevens pled guilty to both charges under a plea agreement. *See* Transcript of Proceedings, February 8, 2016, Exh. 16 (ECF No. 12-16); Guilty Plea Agreement, Exh. 17 (ECF No. 12-17). Under the same plea agreement, Stevens also pled guilty to unlawful use of a controlled substance, a charge against him in a separate case. *See* Guilty Plea Agreement, Exh. 17 (ECF No. 12-17). Stevens was sentenced for the aggravated stalking to a maximum prison term of fifteen years with parole eligibility after six years, and for resisting public officer with use of a firearm in violation of protection order to two prison terms of five years with parole eligibility on each after two years, all three prison terms to run consecutively. *See* Transcript of Sentencing, Exh. 18 (ECF No. 12-18). The judgment of conviction was entered on April 12, 2016. *See* Judgment of Conviction, Exh. 19 (ECF No. 12-19); *see also* Amended Judgment of Conviction, Exh. 38 (ECF No. 12-38).

Stevens appealed. *See* Notice of Appeal, Exh. 21 (ECF No. 12-21); Fast Track Statement, Exh. 33. The Nevada Court of Appeals affirmed on November 18, 2016. *See* Order of Affirmance, Exh. 44 (ECF No. 13-4).

Stevens filed a petition for writ of habeas corpus in the state district court on March 28, 2017. *See* Petition for Writ of Habeas Corpus, Exh. 48 (ECF No. 13-8). The court held an evidentiary hearing on October 2, 2017. *See* Transcript of Proceedings, October 2, 2017, Exh. 58 (ECF No. 13-18). The court dismissed Stevens' petition in a written order filed on October 24, 2017. *See* Order Dismissing Post-

Conviction Writ after Evidentiary Hearing, Exh. 64 (ECF No. 13-24). Stevens appealed. *See* Notice of Appeal, Exh. 59 (ECF No. 13-19); Notice of Appeal, Exh. 61 (ECF No. 13-21); Appellant's Opening Brief, Exh. 73, pp. 12–14 (ECF No. 13-33, pp. 13–15). The Nevada Court of Appeals affirmed on December 6, 2018. *See* Order of Affirmance, Exh. 81 (ECF No. 14-1).

Stevens initiated a second state habeas action on July 23, 2019. *See* Petition for Writ of Habeas Corpus, Exh. 85 (ECR No. 14-5). The state district court ruled that petition procedurally barred and dismissed it on July 26, 2019. *See* Court Order, Exh. 86 (ECF No. 14-6). Stevens appealed. *See* Notice of Appeal, Exh. 87 (ECF No. 14-7). The Nevada Court of Appeals affirmed on May 15, 2020. *See* Order of Affirmance, Exh. 97 (ECF No. 26-4).

This Court received Stevens' *pro se* habeas petition, initiating this action, on June 3, 2019. *See* Petition for Writ of Habeas Corpus (ECF No. 7). Stevens' petition sets forth two grounds for relief, which the Court reads to assert the following claims:

> Ground 1A: Stevens' federal constitutional rights were violated because his plea of guilty to the crime of aggravated stalking was involuntary and unknowing, as a result of an inadequate canvass by the court, wherein Stevens did not admit to committing the crime.
>
> Ground 1B: Stevens' federal constitutional rights were violated as a result of ineffective assistance of counsel, because of his trial and appellate counsel's failures with respect to the claim in Ground 1A.
>
> Ground 2: Stevens' federal constitutional rights were violated because there were inaccuracies in the presentence investigation report, because his trial counsel was ineffective for not doing sufficient investigation and raising this issue in the trial court, and because his appellate counsel was ineffective for not raising this issue on his direct appeal.

*See id*.

On October 30, 2019, Respondents filed a motion to dismiss (ECF No. 11) contending that Stevens' claims are, in whole or in part, unexhausted in state court. The Court denied that motion on April 22, 2020. *See* Order entered April 22, 2020 (ECF No. 21). In that order, the Court ruled that Ground 1A has been exhausted in state court and denied the motion to dismiss with respect to that claim. *See id*. at 4. The Court ruled

Grounds 1B and 2 technically exhausted in state court, but potentially barred in this action by the procedural default doctrine; however, determining that Stevens could possibly overcome the procedural defaults by a showing of ineffective assistance of counsel in his first state habeas action, under *Martinez v. Ryan*, 566 U.S. 1 (2012), and determining that the procedural default issues are intertwined with the merits of Grounds 1A and 1B, the Court denied the motion to dismiss with respect to Grounds 1A and 1B, without prejudice to Respondents asserting the procedural default defense to those claim in their answer, along with their briefing of the merits of the claim.

Respondents filed an answer on September 21, 2020 (ECF No. 25), and Stevens filed a reply on October 13, 2020 (ECF No. 27).

Discussion

Ground 1A

In Ground 1A, Stevens claims that his federal constitutional rights were violated because his plea of guilty to the crime of aggravated stalking was involuntary and unknowing, as a result of an inadequate canvass by the court, wherein Stevens did not admit to committing the crime. *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 3–3B.

Stevens raised this claim on the appeal in his first state habeas action (*see* Appellant's Opening Brief, Exh. 73, pp. 12–14 (ECF No. 13-33, pp. 19–21)), and the Nevada Court of Appeals ruled as follows:

> Stevens claims the district court erred by denying his claims his plea was not knowingly and voluntarily entered. After conviction, a district court may permit a petitioner to withdraw a guilty plea where necessary "to correct a manifest injustice." NRS 176.165. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Further, this court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Hubbard*, 110 Nev. at 675, 877 P.2d at 521. In determining the validity of a guilty plea, this court looks to the totality of the circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367.

> First, Stevens claimed he did not make a verbal response to the district court's question regarding whether he was guilty of aggravated stalking which also included the facts and elements of aggravated stalking. Therefore, he claims the record does not demonstrate he admitted to the facts underpinning his conviction or that he understood the elements of the crime.
>
> The district court conducted an evidentiary hearing, and based on the totality of the circumstances, concluded Stevens failed to demonstrate his plea was invalid. Despite his claims to the contrary at the evidentiary hearing, Stevens stated at the change of plea hearing that he read the plea agreement and his counsel went through the plea agreement page by page with him. The plea agreement set forth the elements and factual bases for the crimes Stevens pleaded guilty to. Further, while the record shows Stevens did not make an audible answer to the district court's question regarding aggravated stalking, Stevens failed to demonstrate he made no response to the district court's question. Moreover, earlier in the hearing, Stevens indicated he was pleading guilty to all of the charges. Finally, Stevens did not specifically plead he did not understand the elements or the facts regarding the aggravated stalking charge. We conclude the district court did not abuse its discretion by denying this claim.

Order of Affirmance, Exh. 81, pp. 1–2 (ECF No. 14-1, pp. 2–3) (footnote omitted).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus on any claim that was adjudicated on its merits in state court unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by United States Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. § 2254(d). A state-court ruling is "contrary to" clearly established federal law if it either applies a rule that contradicts governing Supreme Court law or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). A state-court ruling is "an unreasonable application" of clearly established federal law under section 2254(d) if it correctly identifies the governing legal rule but unreasonably applies the rule to the facts of the case. *See Williams v. Taylor*, 529 U.S. 362, 407–08 (2000). To obtain federal habeas relief for such an "unreasonable application," however, a petitioner must show that the state court's application of Supreme Court precedent was "objectively unreasonable." *Id*. at 409–10; *see also*

*Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). Or, in other words, habeas relief is warranted, under the "unreasonable application" clause of section 2254(d), only if the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The Nevada Court of Appeals affirmed the denial of all Stevens' claims, but, with respect to the validity of Stevens' plea of guilty to the crime of aggravated stalking, the court discussed only Stevens' state-law claims; the court did not discuss the federal-law claim that is Ground 1A in this case. Where the state court has summarily denied a claim, without analysis, a presumption exists that the state court adjudicated the claim on the merits, unless "there is reason to think some other explanation for the state court's decision is more likely." *Richter*, 562 U.S. at 99–100. With respect to such a summary denial of a claim, the reviewing federal habeas court "must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102.

"It is well established that a plea of guilty cannot be voluntary in the sense that it constitutes an intelligent admission that the accused committed the offense unless the accused has received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Marshall v. Lonberger*, 459 U.S. 422, 436 (1983) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)); *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). The Supreme Court has instructed:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

*Lonberger*, 459 U.S. at 436 (quoting *Henderson*, 426 U.S. at 647).

6

Here, affording the Nevada Court of Appeals' ruling the deference mandated by 28 U.S.C. § 2254(d), this Court determines that it was not unreasonable to conclude that Stevens knew he was pleading guilty to aggravated stalking, was informed of the elements of that crime, and knowingly and intelligently pled guilty.

The written plea agreement that Stevens signed stated that Stevens agreed to plead guilty to aggravating stalking, and it stated: "I have discussed the elements of all the original charges against me with my attorney and understand the nature of these charges." Guilty Plea Agreement, Exh. 17, pp. 1, 2, 6 (ECF No. 12-17, pp. 2, 3, 7). Attached to the plea agreement was a certificate of Stevens' trial counsel, in which counsel stated that he "fully explained to the defendant the allegations contained in the charge(s) to which the guilty plea(s) is/are being entered." *Id*. at 8 (ECF No. 12-17, p. 9). Also attached to the plea agreement was a copy of the Information, which included, as Count I, the charge of aggravated stalking, as follows:

> AGGRAVATED STALKING, in violation of NRS 200.575(2), A CATEGORY 'B' FELONY, committed in the following manner, to wit: That ON, ABOUT OR BETWEEN AUGUST 24, 2013 AND JANUARY 6, 2015, in Pahrump Township, Nye County, Nevada, said Defendant did without lawful authority, willfully or maliciously engage in a course of conduct that would cause a reasonable person to feel terrorized, frightened, intimidated, or harassed, with the intent to cause [the victim] to be in fear of death or substantial bodily harm[.]

*Id*. (ECF No. 12-17, p. 12).

At the arraignment hearing, at which Stevens pled guilty, just before Stevens was canvassed by the judge, Stevens' attorney stated: "… he will be pleading guilty to Aggravated Stalking…." Transcript of Arraignment, Exh. 16, p. 2 (ECF No. 12-16, p. 3). Then, in the canvass of Stevens, Stevens answered "yes," when the judge asked if he read through the plea agreement with his attorney. *Id*. at 4 (ECF No. 12-16, p. 5). Stevens also answered "yes" when asked if his attorney answered his questions page by page. *Id*. The judge then stated, "[i]t indicates you're going to be pleading guilty to Aggravated Stalking…," and Stevens answered "Yes, sir." *Id*. at 4–5 (ECF No. 12-16, pp. 5–6).

7

At the evidentiary hearing in the state habeas action, Stevens' trial counsel testified that it was his practice to go through the guilty plea agreement with any client pleading guilty. *See* Transcript of Evidentiary Hearing, Exh. 58, pp. 11–12 (ECF No. 13-18, pp. 12–13). At that evidentiary hearing, Stevens testified that he was not a stranger to the criminal justice system, as he had faced criminal charges before, and had previously pled guilty under plea agreements on more than one occasion. *See id*. at 27–30 (ECF No. 13-18, pp. 28–31). In addition, at the evidentiary hearing, Stevens confirmed that, during the plea canvass, he did not inform his attorney or the court that he did not understand what was happening or that he did not want to go through with his guilty plea. *Id*. at 34–35 (ECF No. 13-18, pp. 35–36).

So, despite the fact that the transcript of the arraignment reflects that there was "[n]o audible response" by Stevens, when the judge asked Stevens if he was pleading guilty because he had stalked the victim (*see* Transcript of Arraignment, Exh. 16, p. 7 (ECF No. 12-16, p. 8)), there is substantial evidence in the record demonstrating that Stevens knew the elements of aggravated stalking, knew that he was pleading guilty to that crime, and voluntarily and knowingly entered that guilty plea.

The ruling of the Nevada Court of Appeals was not contrary to, or an unreasonable application of, *Lonberger*, *Henderson*, or any other United States Supreme Court precedent. The Court will deny Stevens habeas relief on Ground 1A.

Ground 1B

In Ground 1B, Stevens claims that his federal constitutional rights were violated as a result of ineffective assistance of counsel, because of his trial and appellate counsel's failures with respect to the claim in Ground 1A. *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 3–3B.

In the order entered April 22, 2020, denying Respondents' motion to dismiss, this Court ruled:

> This claim was not presented on Stevens' direct appeal, on his appeal in his first state habeas action, or in his petition in his second state habeas action. *See* Fast Track Statement, Exh. 33 [ECF No. 12-33]; Appellant's

     Opening Brief, Exh. 73 (ECF No. 13-33); Petition for Writ of Habeas Corpus, Exh. 85 (ECR No. 14-5). As it is clear to the Court that this claim would be procedurally barred if presented now in state court, the Court determines it is subject to application of the procedural default doctrine.

Order entered April 22, 2020 (ECF No. 22), p. 4. The Court went on to rule:

> Because it is possible that Stevens may be able to overcome the procedural default of all or part of Ground 1B, perhaps by a showing of ineffective assistance of counsel in his first state habeas action, under *Martinez*, and because this issue is intertwined with the merits of Grounds 1A and 1B, the Court determines that it will be best addressed after Respondents file an answer, and Stevens files a reply. The Court will, therefore, deny the motion to dismiss with respect to Ground 1B, without prejudice to Respondents asserting a procedural default defense to the claim in their answer, along with their briefing of the merits of the claim.

*Id*. at 5–6.

     In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of

constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman*, 501 U.S. at 731)).

In *Martinez*, the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause to overcome the procedural default of a claim of ineffective assistance of trial counsel. The *Coleman* Court had held that the absence or ineffective assistance of state post-conviction counsel generally could not establish cause to excuse a procedural default because there is no constitutional right to counsel in state post-conviction proceedings. *See Coleman*, 501 U.S. at 752–54. In *Martinez*, however, the Supreme Court established an equitable exception to that rule, holding that the absence or ineffective assistance of counsel at an initial-review collateral proceeding may establish cause to excuse a petitioner's procedural default of substantial claims of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two-part test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id*. at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. To establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Regarding the claim of ineffective assistance of appellate counsel in Ground 1B, *Martinez* does not provide a means for Stevens to overcome the procedural default. *See Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017) (*Martinez* does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel).

Regarding the claim of ineffective assistance of trial counsel in Ground 1B, the Court determines that Stevens does not show cause under *Martinez*. As is discussed above, the record reflects that Stevens knew he was pleading guilty to aggravated assault and that he was informed of the elements of that crime. There is no showing that Stevens' trial counsel had any reason to believe otherwise, or that he should have taken some action to prevent Stevens from entering his guilty plea or to attempt to withdraw the guilty plea after Stevens entered it. This claim of ineffective assistance of trial counsel is not substantial within the meaning of *Martinez*, and there is no showing that Stevens' counsel in his first state habeas action was ineffective for not asserting this claim. The Court will deny the claim in Ground 1B as procedurally defaulted.

Ground 2

In Ground 2, Stevens claims that his federal constitutional rights were violated because there were inaccuracies in the presentence investigation report, because his trial counsel was ineffective for not doing sufficient investigation and raising this issue in the trial court, and because his appellate counsel was ineffective for not raising this issue on his direct appeal. *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 5–5B.

In the April 22, 2020, order, this Court ruled:

> These claims were not presented on Stevens' direct appeal, on his appeal in his first state habeas action, or in his petition in his second state habeas action. *See* Fast Track Statement, Exh. 33 [ECF No. 12-33]; Appellant's Opening Brief, Exh. 73 (ECF No. 13-33); Petition for Writ of Habeas Corpus, Exh. 85 (ECR No. 14-5). As it is clear to the Court that these claims would be procedurally barred if presented now in state court, the Court determines they are subject to application of the procedural

> default doctrine. As with Ground 1B, the Court will deny Respondents' motion to dismiss with respect to Ground 2, without prejudice to Respondents asserting a procedural default defense in their answer, along with their briefing of the merits of the claims.

Order entered April 22, 2020 (ECF No. 22), p. 6.

As the Court understands Stevens' claims in Ground 2, they are all ultimately based on his allegations that there were errors in the presentence investigation report (PSI): that the PSI stated certain charges against him in a 2013 case were dismissed pursuant to a plea agreement, when, in fact, those charges were dismissed "in open court," and that the PSI listed certain prior charges that were "stacked and/or duplicate charges stemming from a single act, requiring the exact same proof." *See* Petition for Writ of Habeas Corpus (ECF No. 7), pp. 5–5B; *see also* PSI, Exh. 93, pp. 4–7 (ECF No. 16-2, pp. 5–8) (filed under seal). This Court determines, however, that these alleged errors in the PSI—assuming here, for purposes of analysis only, that they were errors—were minor and had no impact on Stevens' sentencing. There is no indication in the record that, in sentencing Stevens, the sentencing judge relied to any extent whatsoever on either the nature of dismissal of the charges in the 2013 case or the number of separate charges against Stevens in this other case.

The Court, then, finds insubstantial the claim of ineffective assistance of trial counsel in Ground 2. Stevens' trial counsel did not perform unreasonably in not attempting to correct the alleged errors in the PSI, and Stevens was not prejudiced by his counsel not doing so. Stevens' counsel in his state habeas action was not ineffective for failing to assert this claim of ineffective assistance of trial counsel. Stevens does not show cause, under *Martinez*, to overcome the procedural default of this claim.

*Martinez* does not apply to the substantive claim in Ground 2—that Stevens' federal constitutional rights were violated as a result of the alleged errors in the PSI—because it is not a claim of ineffective assistance of trial counsel; Stevens does not make any viable argument that there was cause for the procedural default of the substantive claim. Nor does Stevens make a viable argument that there was cause

relative to the procedural default of the claim of ineffective assistance of appellate counsel in Ground 2. *See Davila*, 137 S. Ct. at 2062–63.

The Court will deny all the claims in Ground 2 as procedurally defaulted.

Certificate of Appealability

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Applying the standard articulated in *Slack*, the Court finds that a certificate of appealability is unwarranted.

The denial of a certificate of appealability by this Court does not preclude Stevens from appealing and seeking a certificate of appealability from the Court of Appeals. To appeal, Stevens must file a timely notice of appeal in this Court.

///
///
///
///
///
///
///
///

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

Dated this 22 day of April, 2021.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE